**STATE OF WEST VIRGINIA**

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **D.S. and L.S.**

**No. 19-0028** (Lewis County 18-JA-7 and 18-JA-8)

## MEMORANDUM DECISION

Petitioner Father M.S., by counsel G. Phillip Davis, appeals the Circuit Court of Lewis County's December 17, 2018, order terminating his parental rights to D.S. and L.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Dennis J. Willett, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 20, 2018, the DHHR filed an abuse and neglect petition alleging that the parents had little to no contact with D.S., who lived with his paternal grandmother. The DHHR also alleged that petitioner was released from incarceration on bond in November of 2017 and placed on home incarceration. However, in January of 2018, the DHHR was advised that petitioner absconded from the Day Report Center program and violated the terms of his home incarceration in December of 2017 by failing to check in with the Day Report Center and failing to drug screen. Further, the children's maternal uncle reported to a Child Protective Services ("CPS") worker that petitioner and the mother dropped L.S. off at his home intermittently for three months prior to the filing of the petition without telling him where they were going or how long they would be gone. The uncle explained that the parents would be gone anywhere from one day to one week at a time. The child stated to his uncle that "Daddy is going to kill Mommy" and hid under the bed when his

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

parents came to get him because he did not want to go with them. According to the DHHR, when L.S. was not with his uncle, the child slept in a car with petitioner and the mother unless they could find a friend to stay with. The DHHR alleged that the parents were provided services such as adult life skills, parenting classes, transportation, SNAP benefits, and medical cards, but did not utilize those services.

In May of 2018, petitioner was sentenced to an indeterminate term of not less than one year nor more than five years of incarceration following his guilty plea for felony delivery of methamphetamine, a controlled substance. He was given credit for time served, which included 252 days of incarceration and ninety-five days of home incarceration. On May 23, 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect. Specifically, petitioner stipulated that he was currently incarcerated, that he was previously placed on home incarceration as a condition of bond, left the program, and did not drug screen or check in with the program after early December of 2017. He further stipulated that L.S. was "required to live in an environment not conducive to his physical and mental welfare," and that the children remaining in his custody was contrary to their best interests. Based upon his stipulations, petitioner was adjudicated as an abusing parent.

On November 7, 2018, the circuit court held a dispositional hearing. Petitioner moved for a post-adjudicatory improvement period which the circuit court later denied. The circuit court noted that petitioner could not participate in an improvement period due to his incarceration. The circuit court also noted that, although it granted continuances during the proceedings, petitioner had not been paroled during the proceedings and it was unknown whether petitioner might be granted parole or if he would be required to serve the remainder of his sentence. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court also found that the children needed permanency, security, stability, and continuity of care, and that the termination of petitioner's parental rights was in their best interests. The circuit court terminated petitioner's parental rights in its December 17, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

---

[2]The mother's parental rights were also terminated. According to respondents, the permanency plan for L.S. is adoption by his paternal grandmother and the permanency plan for D.S. is adoption by his maternal uncle.

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

In his sole assignment of error, petitioner argues that the circuit court erred in terminating his parental rights instead of imposing a less-restrictive dispositional alternative. In support, petitioner contends that he "could have remedied the conditions of abuse and neglect if given an improvement period" upon his release from incarceration. We disagree. West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have held that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). However, the record shows that, between the periods of time that he was incarcerated, petitioner absconded from his home incarceration program, failed to drug screen as required by the program, and failed to take advantage of services offered by the DHHR. Therefore, petitioner did not prove that he would be likely to comply with the terms and conditions of an improvement period and the circuit court did not err in denying his motion for a post-adjudicatory improvement period during the dispositional hearing.

Also in support of his argument, petitioner contends that the circuit court should have considered the following:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 3. Based on the circuit court's findings, it is clear that it did consider the nature of petitioner's offense as well as the terms and length of incarceration in light of the children's best interests and need for permanency, security, stability, and continuity pursuant to *Cecil T*. The circuit court specifically found that petitioner's incarceration for felony drug charges prevented him from participating in an improvement period and that it was unknown when petitioner may be granted parole, or if he would serve the remainder of his sentence. Because petitioner's incarceration prohibited him from correcting the conditions of abuse and neglect in the near future, the circuit court found that the children needed permanency, security, stability, and continuity of care, and that the termination of petitioner's parental rights was in their best interests.

We find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Based on the evidence discussed above, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Further, although he asserts on appeal that he was released on parole, at the time of the dispositional hearing it was unknown whether petitioner would be paroled or if he would be required to serve the remainder of his sentence. As stated above, the circuit court specifically found that the children needed permanency, security, stability, and continuity of care and that the termination of petitioner's parental rights to the children was in their best interests. Further, while petitioner argues that the circuit court should have granted him a less-restrictive dispositional alternative or an improvement period instead of terminating his parental rights, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Therefore, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 17, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2019

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison